Filed 8/25/16  In re Spencer A. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re SPENCER A., a Person Coming Under the Juvenile Court Law. | B269876 (Los Angeles County Super. Ct. No. DK12277) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  CHRISTINE A.,  Defendant and Appellant. | |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County.  Debra L. Losnick, Commissioner.  Affirmed.

Annie Greenleaf, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel and Julia Roberson, Deputy County Counsel for Plaintiff and Respondent.

_____

Christine A. (Mother) appeals from the juvenile court's judgment and orders declaring her son, Spencer A. (Son), now age 17, a dependent of the court and terminating jurisdiction through a family law order which granted Mother joint legal and primary physical custody. Mother argues insufficient evidence supports the court's jurisdictional findings that Mother's suicide attempt endangered Son. Mother's appeal is moot, however, because we can provide her no effective relief by overturning the jurisdictional findings.

## BACKGROUND

Son came to the attention of the Department of Children and Family Services (DCFS) on April 23, 2015, when a caller informed DCFS Mother was involuntarily hospitalized under Welfare and Institutions Code section 5150 after she attempted suicide while Son was home.[1] During later investigation, DCFS discovered on the day of Mother's suicide attempt, Son received a call from Mother's friend warning him Mother was going to hurt herself. Son found Mother crying in the bathroom. Mother told Son she had " 'done something stupid,' " but stated once she "realized what she ha[d] done," she threw up pills she had swallowed; DCFS later learned Mother had ingested about 10 Advil PM pills. Son then held his crying mother as he called poison control, which recommended Mother go to the hospital immediately. Mother initially resisted, but Son eventually persuaded her to go. The hospital discharged Mother the next day and reported that although Mother had a psychiatric history consistent with depression, she had no history of hospitalizations, suicidality, or psychosis and was "safe, lucid, [and] calm." Despite remaining "moderately depressed," the hospital indicated Mother had "a good safety and follow up plan," was taking medication, and had a referral to a mental health professional. Mother subsequently attended a number of therapy sessions and continued to take her medication. Son stated he did not believe Mother had mental health problems and later reported Mother was " 'doing a million times better.' "

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

DCFS's investigation of Son's father, Christian A. (Father), proved more troubling. DCFS ultimately concluded Father's alleged physical violence toward past girlfriends and his aggressive and threatening words to Mother in Son's presence endangered Son. Father is not a party to this appeal and we address the facts pertaining to him only insofar as they relate to Mother's appeal.

On July 20, 2015, DCFS filed a dependency petition. It alleged Father's past physical abuse of his girlfriends and past verbal abuse of Mother in Son's presence endangered Son under section 300, subdivisions (a) and (b). It additionally alleged Mother's suicide attempt and mental and emotional challenges endangered Son under subdivision (b). The court amended the subdivision (b) allegations regarding Mother and sustained the petition under subdivision (b) against both Mother and Father on October 6, 2015. At a disposition hearing on December 9, 2015, DCFS recommended the court terminate jurisdiction and issue a family law order. Mother's counsel agreed. The court terminated jurisdiction and issued a family law order granting Mother joint legal and primary physical custody. Mother appealed.

## DISCUSSION

On appeal, Mother argues (1) the appeal is not moot; (2) her challenges to the findings against her are justiciable; and (3) insufficient evidence supports the jurisdictional findings against her. We hold the appeal is moot and therefore do not reach Mother's second and third arguments.

An appeal is moot when the case no longer presents an actual controversy because subsequent actions have resolved the original issue. (*In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158.) Here, Mother disputes the jurisdictional findings. "[A]n appellate court may decline to address the evidentiary support for any remaining jurisdictional findings," however, "once a single finding has been found to be supported by the evidence." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) This is especially so when the court "cannot render any relief . . . that would have a practical, tangible impact on" the parent's position in a dependency proceeding. (*Ibid.*)

3

Here, the court sustained the allegations against Father and because those sustained allegations are not challenged in this appeal, overturning the findings against Mother would not overturn the court's jurisdiction. As to the dispositional orders, after sustaining the petition, the court terminated jurisdiction and granted Mother joint legal and primary physical custody. This disposition placed no restrictions on Mother's parenting. The court's dispositional orders therefore are entirely in Mother's favor. Mother's position could not be improved in any practical way if we held insufficient evidence supported the jurisdictional findings as to her because the court terminated jurisdiction and its disposition orders restricted her in no way. Although she argues that such findings may prejudice her in future proceedings, Son is almost 18 and Mother has no other children.

Mother's other arguments as to why the findings may negatively impact her are unavailing. For example, Mother argues DCFS must now place her on the Child Abuse Central Index (also known as "CACI"). Mother is mistaken. DCFS is not required to report cases of general neglect, like the one here, for CACI purposes. (See Pen. Code, §§ 11165.2, subds. (a)–(b), 11169, subd. (a), 11170.) She also argues there is a "strong public interest" in this court preventing unnecessary dependency actions. The sustained findings against Father demonstrate that this action was necessary, however. Mother additionally argues that Son will be stigmatized by having been adjudged a dependent. We see no reason why Son's dependency will stigmatize him, especially in light of the brief period the court exercised jurisdiction over him, his impending adulthood, and the highly confidential nature of dependency proceedings. Finally, Mother alleges the findings against her will socially stigmatize her and could prevent her from accessing proper mental health care. As with Son, we see no reason why the findings of these private proceedings would become public and socially stigmatize Mother, and her argument the findings might prevent her from obtaining proper mental health care is inappropriate.

"[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."

4

(*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)  As in *In re N.S.*, the jurisdictional findings against Mother are not the sole basis for jurisdiction and are not the basis of any order against her, therefore reversing the findings would provide Mother no effective relief. Any other potential negative consequences stemming from the sustained orders are speculative at best.  Son, moreover, will soon turn 18 and, in these circumstances, fall outside the juvenile court's jurisdiction.  Mother's appeal is therefore moot; we consequently do not address her remaining arguments.

## DISPOSITION

The juvenile court's judgment and orders are affirmed.

NOT TO BE PUBLISHED.

LUI, J.

We concur:

CHANEY, Acting P. J.

JOHNSON, J.